## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CARLO MESSA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 18-cv-1358 |
| | ) | |
| v. | ) | |
| | ) | |
| AERONET WORLDWIDE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

### COMPLAINT

Plaintiff, CARLO MESSA, by counsel, alleges as follows:

### Federal Jurisdiction and Venue

1.  Plaintiff brings this lawsuit to remedy violations of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112.

2.  This Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1331 (federal question).

3.  Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and §(b)(2), as all acts and omissions complained of occurred within this judicial district and the Defendants do business within this judicial district.

### Parties

4.  Aeronet Worldwide (hereinafter "Aeronet") is a California corporation.

5.  Aeronet does business in Illinois, namely in Bensenville.

6.      Aeronet is a logistics company.

7.      Plaintiff Carlo Messa worked for Aeronet from March 2003-April 2017.

### Count I: ADA Violations

8.      Plaintiff re-alleges the above paragraphs as if re-written here.

9.      As of March and April 2017, Messa was a person with disability: he had been diagnosed with anxiety.

10.     This condition was substantially limiting at least two major life functions, sleeping and eating.

11.     Aeronet, through several of its agents, was aware of his disability, beginning as early as March 21, 2017.

12.     On or around March 30, 2017, Messa requested reasonable accommodation for his disability: specifically to be off work until April 10, 2017.

13.     In response (March 30, 2017), Messa's boss Ed Krieger wrote to Messa that he would be "assuming the duties of the General Manager until further notice."

14.     On April 3, 2017, Messa requested to have 1-2 weeks off, per his psychiatrist's recommendation.

15.     On April 3, 2017, Krieger wrote to Messa that "an assignment to another position would be beneficial.

16.     On April 10, 2017, Krieger told Messa he could accept a demotion with a substantial reduction in pay and benefits or be terminated.

17.     Messa did not want to accept a demotion, so he was forced to "choose" the option of being terminated.

18.     Aeronet terminated Messa on April 15, 2017.

19.     Aeronet violated the ADA in at least one of the following ways: 1) denying him reasonable accommodation for his disability; 2) demoting him because of his disability; 3) offering him an ultimatum to accept a demotion or be terminated because of his disability; and 4) retaliating against him for requesting reasonable accommodation for his disability.

20.     Messa has been harmed by Defendant's violations of the ADA: he has lost wages and benefits, lost earning power, and suffered emotional distress.

21.     Aeronet's conduct was in reckless disregard of Messa's rights. Therefore, Messa requests punitive damages to punish Aeronet and to deter it and other companies from engaging in similar discriminatory conduct in the future.

22.     Messa has had to retain an attorney to vindicate the violation of his rights.

WHEREFORE, Plaintiff CARLO MESSA requests that Defendant, AERONET WORLDWIDE be found liable, that judgment be entered against it, and that Plaintiff be awarded all remedies to which he is entitled under the law, including:

      a.  lost wages, salary, employment benefits, or other compensation;

      b.  the present cash value of the time, earnings, salaries, and benefits reasonably certain to be lost in the future;

      c.  compensatory damages (including for emotional distress);

      d.  punitive damages;

      e.  prejudgment interest;

      f.  attorneys' fees, reasonable expert witness fees, costs of litigation; and

      g.  any other relief deemed equitable and appropriate.

<u>JURY DEMAND</u>

Plaintiff demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted by:
s/Julie O. Herrera
Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812
jherrera@julieherreralaw.com