UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLO MESSA,<br><br>                Plaintiff,<br><br>     v.<br><br>AERONET WORLDWIDE,<br><br>                Defendant. | Case No. 18-cv-1358<br><br>Jury Trial Demand |

**DEFENDANT AERONET, INC.'S ANSWER
AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Aeronet, Inc., d/b/a Aeronet Worldwide ("Aeronet" or "Defendant"), by and through its attorneys and pursuant to Federal Rules of Civil Procedure 7 and 8, respectfully submits the following answer and defenses to Plaintiff Carlo Messa's ("Plaintiff") Complaint:

**FEDERAL JURISDICTION AND VENUE**

1.  Plaintiff brings this lawsuit to remedy violations of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112.

**ANSWER:** Defendant admits that Plaintiff purports to bring claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.*, but denies that it has any liability under the ADA, and denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.  This Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1331 (federal question).

**ANSWER:** Defendant admits that the Court has jurisdiction under 28 U.S.C. § 1331. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and §(b)(2), as all acts and omissions complained of occurred within this judicial district and the Defendants [sic] do business within this judicial district.

**ANSWER:** Defendant admits that venue is proper in the Northern District of Illinois. Defendant denies that any unlawful employment practices occurred and denies the remaining allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4. Aeronet Worldwide (hereinafter "Aeronet") is a California corporation.

**ANSWER:** Defendant admits that Aeronet is a California corporation. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Aeronet does business in Illinois, namely in Bensenville.

**ANSWER:** Defendant admits that Aeronet conducts business in Bensenville, Illinois. Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Aeronet is a logistics company.

**ANSWER:** Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Plaintiff Carlo Messa worked for Aeronet from March 2003-April 2017.

**ANSWER:** Defendant admits that Plaintiff worked for Defendant from March 1, 2003 until April 15, 2017. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

## COUNT I: ADA VIOLATIONS

8. Plaintiff re-alleges the above paragraphs as if re-written here.

**ANSWER:** Defendant re-states and incorporates by reference its responses to all allegations in the above paragraphs as though fully stated herein.

9. As of March and April 2017, Messa was a person with a disability: he had been diagnosed with anxiety.

**ANSWER:** Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. This condition was substantially limiting at least two major life functions, sleeping and eating.

**ANSWER:** Defendant lacks sufficient information as to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore, denies the allegations.

11. Aeronet, through several of its agents, was aware of his disability, beginning as early as March 21, 2017.

**ANSWER:** Defendant denies the allegations of contained in Paragraph 11 of the Complaint.

12. On or around March 30, 2017, Messa requested reasonable accommodation for his disability: specifically to be off work until April 10, 2017.

**ANSWER:** Defendant admits that on March 29, 2017, Messa submitted a request for one to two weeks of medical leave. Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. In response (March 30, 2017), Messa's boss Ed Krieger wrote to Messa that he would be "assuming the duties of the General Manager until further notice."

**ANSWER:** Defendant admits that on March 30, 2017, Messa's supervisor, Ed Krieger, informed Messa via email that he would "assume the duties of the General Manager until further notice." Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. On April 3, 2017, Messa requested to have 1-2 weeks off, per his psychiatrist's recommendation.

**ANSWER:** Defendant admits that on April 3, 2017, Messa emailed Director of Human Resources, LeeAnn Thompson, requesting an additional one to two weeks of leave. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. On April 3, 2017, Krieger wrote to Messa that "an assignment to another position would be beneficial."

**ANSWER:** Defendant admits that on April 3, 2017, Krieger emailed Messa and told him that Aeronet "valued [his] skills as operations agent and knowledge of the industry" and that "an assignment to another position would be beneficial" and "best for [Messa] and Aeronet." Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16. On April 20, 2017, Krieger told Messa he could accept a demotion with a substantial reduction in pay and benefits or be terminated.

**ANSWER:** Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Messa did not want to accept a demotion, so he was forced to "choose" the option of being terminated.

**ANSWER:** Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Aeronet terminated Messa on April 25, 2017.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Aeronet violated the ADA in at least one of the following ways: 1) denying him reasonable accommodation for his disability; 2) demoting him because of his disability; 3) offering him an ultimatum to accept a demotion or be terminated because of his disability; and 4) retaliating against him for requesting reasonable accommodation for his disability.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Messa has been harmed by Defendant's violations of the ADA: he has lost wages and benefits, lost earning power, and suffered emotional distress.

**ANSWER:** Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Aeronet's conduct was in reckless disregard of Messa's rights. Therefore, Messa requests punitive damages to punish Aeronet and to deter it and other companies for engaging in similar discriminatory conduct in the future.

**ANSWER:** Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Messa has had to retain an attorney to vindicate the violation of his rights.

**ANSWER:** Defendant denies the allegations contained in Paragraph 22 of the Complaint.

WHEREFORE, Plaintiff CARLO MESSA requests that Defendant, AERONET WORLDWIDE be found liable, that judgment be entered against it, and that Plaintiff be awarded all remedies to which he is entitled under the law, including:

a. lost wages, salary, employment benefits, or other compensation;

b.	the present cash value of the time, earnings, salaries, and benefits reasonably certain to be lost in the future;

c.	compensatory damages (including for emotional distress);

d.	punitive damages;

e.	prejudgment interest;

f.	attorneys' fees, reasonable expert witness fees, costs of litigation; and

g.	any other relief deemed equitable and appropriate.

**ANSWER:** Defendant admits that Plaintiff requests the relief described in the "WHEREFORE" Paragraph in the Complaint. Defendant denies the remaining allegations contained in the "WHEREFORE" Paragraph of the Complaint.

### DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant, by its attorneys, hereby asserts the following affirmative and other defenses:

1.	The Complaint, and claim for relief alleged therein, fails to state a claim upon which relief can be granted.

2.	Any injury caused to Plaintiff was due in whole or in part to Plaintiff's own actions or inaction.

3.	All of Defendant's actions towards Plaintiff were taken based upon legitimate, non-discriminatory reasons.

4.	All of Defendant's actions toward Plaintiff were taken based upon legitimate, non-retaliatory reasons.

5.	To the extent any alleged intentional discriminatory conduct was committed by Defendant's agents (which Defendant denies), said conduct was outside the scope of the agent's authority and was contrary to Defendant's good faith efforts to comply with federal and state law.

6. Plaintiff did not suffer any damages attributable to any actions or omissions by Defendant.

7. Plaintiff cannot recover punitive damages because, at all relevant time, Defendant made a good-faith effort to comply with all applicable discrimination statutes.

8. Plaintiff's claim for damages in the form of back pay and benefits is barred to the extent that Plaintiff failed to mitigate his damages.

9. Assuming, *arguendo*, that Plaintiff is able to establish that any unlawful reason was considered by any of the decision-makers in this case, Defendant would have made the same decisions even in the absence of any alleged unlawful consideration.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

11. Plaintiff's claims of damages must be eliminated or reduced to the extent that he is, has been, or will be compensated from collateral sources.

12. To the extent that Plaintiff makes any claims in this action that are not encompassed by his EEOC Charge, those claims are barred due to his failure to exhaust administrative remedies.

13. Defendant reserves the right to assert additional defenses that become known through the course of this litigation.

**WHEREFORE**, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by virtue of his Complaint or in this action;

2. That Plaintiff not receive any of the requested declarations;

3. That judgment be entered in favor of Defendant and against Plaintiff;

4. That Defendant be awarded attorneys' fees and costs; and

5. For such other and further relief as the Court deems just and proper.

Dated: May 10, 2018 				Respectfully submitted,

						AERONET, INC.

						By: /s/ Kirsten A. Milton
						      One of its Attorneys

Kirsten A. Milton
Brenna R. McLean
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
(312) 787-4949
kirsten.milton@jacksonlewis.com
brenna.mclean@jacksonlewis.com

**CERTIFICATE OF SERVICE**

I, Kirsten A. Milton, an attorney, hereby certify that on May 10, 2018, I electronically filed a copy of the foregoing *Defendant Aeronet, Inc.'s Answer and Defenses to Plaintiff's Complaint* with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Julie O. Herrera
Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, Illinois 60604

By: /s/ Kirsten A. Milton